## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | |
|---|---|
| DOME TECHNOLOGY, LLC ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> S&J INDUSTRIAL, LLC ) <br> ) <br> Defendant. ) | Case No.: 1:25-cv-00528 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiff, Dome Technology, LLC, by and through its undersigned counsel of record, Balch & Bingham LLP, and brings this cause of action against S&J Industrial, LLC, and would show unto this Honorable Court as follows:

## PARTIES

1. Plaintiff, Dome Technology, LLC ("Plaintiff" or "Dome"), is an Idaho limited liability company with its principal place of business located in Idaho Falls, Idaho. For purposes of federal diversity jurisdiction, the members of Dome are citizens of the State of Idaho.

2. Defendant, S&J Industrial, LLC ("Defendant" or "S&J"), is an Alabama limited liability company with its principal place of business located in Mobile, Alabama. S&J can be served through its Registered Agent, Steve Nelson, at 2560 Middle Road, Mobile, Alabama 36605. For purposes of federal diversity jurisdiction, the members of S&J are citizens of the State of Alabama.

25428816.2

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists because Dome is a citizen of Idaho and S&J is a citizen of Alabama. Further, as plead below, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391.

## FACTS

5. On November 13, 2019, Dome entered into a Construction Storage Agreement with Enviva Port of Pascagoula, LLC for the construction of at a wood pellet facility located in Pascagoula, Mississippi (the "Project"). The Project's plans and specifications required the use of steel grates for the Project.

6. In late 2021, Dome contacted S&J about fabricating the grates for use on the Project. During its communications with S&J, Dome explained the purpose, plans, and specifications for which the grates were needed for the Project.

7. S&J was provided construction drawings in order to fabricate the grates in accordance with the Project's plans and specifications. During this time, S&J expressly represented to Dome that such grates would be built in compliance with the 38W-4 Heavy Grate Standard. *See* November 12, 2021 Correspondence, attached as Exhibit "A".

8. As shown by an invoice dated December 22, 2021, Dome relied upon S&J's representations that the grates would be fabricated pursuant to the above plans, specifications, and industry standards, and, as a result of S&J's representations, purchased several pallets of grates from S&J in the amount of $190,261.70. *See* Invoice and Shipping Manifests, attached as composite Exhibit "B". S&J delivered the grates to the project site in Pascagoula, Mississippi.

25428816.2

9. After the grates were delivered to the Project site and installed, Dome was notified that the grates supplied by S&J were defective, improperly fabricated, and did not meet the Project's design plans and specifications.

10. Dome has become aware that the grates did not meet the 38W-4 Heavy Grate standard. Moreover, the grating was fabricated with its bearing bars oriented perpendicular to the configuration required by the Heavy Duty Metal Bar Grating Manual (ANSI/NAAMM MBG 532). This deviation results in the grating's strong axis spanning the long direction rather than the short direction as intended by the design standards.

11. As a result, the grates, after being installed, began to experience significant sagging and deflection. Thus, the fabrication provided by S&J demonstrates a clear nonconformance with the design and fabrication requirements of the Project and deviates from industry standards.

12. On or about September 18, 2025, Dome notified S&J that the grates were defective and nonconforming. *See* September 18, 2025 Email Correspondence, attached as Exhibit "C". Counsel for S&J responded on September 25, 2025 seeking additional information from Dome. *See* September 25, 2025 Correspondence, attached as Exhibit "D". Dome then sent a follow-up letter in response on November 4, 2025. *See* November 4, 2025 Correspondence, attached as Exhibit "E".

13. Following the final letter sent by Dome to S&J, S&J has not communicated further with Dome. In other words, S&J has been informed of the product's defects and non-conformities but has failed to communicate further with Dome and cure such defects.

## CLAIMS

### COUNT I. BREACH OF CONTRACT

14. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

15. S&J and Dome entered into a contract for S&J to provide conforming grates for the Project.

16. S&J failed to manufacture, produce, and supply conforming grates to Dome.

17. S&J's failure to provide conforming grates constitutes a breach of the contract between S&J and Dome.

18. Dome has informed S&J of its failure to provide conforming goods and S&J has failed to cure such defects.

19. Dome has been damaged by S&J's breach of contract.

## COUNT II. BREACH OF IMPLIED WARRANTIES

20. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

21. The sale of the goods identified in the Invoice included certain implied warranties, including, but not limited to, the implied warranty of merchantability and fitness for a particular purpose. *See* UCC §§ 2-314, 2-315.

22. S&J held itself out as a competent and skilled merchant to make the grates for Dome to use on the Project. *See* UCC §§ 2-314, 2-315.

23. Under the Uniform Commercial Code, S&J warranted that its grates were fit for the Project's requirements and specifications, as well as the applicable industry standards. *See* UCC §§ 2-314, 2-315.

24. By supplying grates that were defective and non-conforming, S&J failed to manufacture, produce, and supply conforming grates fit for their intended purpose. *See* UCC § 2-315.

25428816.2

25. Likewise, by supplying grates that were defective and non-conforming, S&J failed to manufacture, produce, and supply merchantable goods at the time the goods were purchased by Dome for use on the Project. *See* UCC § 2-314.

26. Dome timely notified S&J of the defective nature and nonconformity of the grates. Despite these notifications, S&J failed to remedy the defects, replace the grates, and/or provide Dome a refund of the grates.

27. Dome has been damaged by S&J's failure to provide conforming grates.

### COUNT III. ALTERNATIVELY, SPECIFIC PERFORMANCE

28. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

29. S&J and Dome entered into a contract for S&J to provide conforming grates for the Project.

30. S&J agreed to provide conforming grates to Dome.

31. Dome paid for the grates and the grates were delivered by S&J to the Project site.

32. The grates supplied by S&J were defective and non-conforming to the parties' agreement.

33. As a result, Dome is entitled to specific performance of its agreement, including the delivery of conforming grates.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Dome Technology, LLC, respectfully requests that this Honorable Court, after due proceedings, issue a judgment in its favor and against Defendant, S&J Industrial, LLC, and award Plaintiff certain damages, including, but not limited to, direct damages, cover damages, consequential damages, and incidental damages, which would include, but are not limited to, all damages incurred by Plaintiff due to Defendant's failure to provide conforming goods, such as lost profits, attorneys' fees, costs, pre-judgment

interest and post-judgment interest, or in the alternative, a judgment requiring Defendant to supply conforming goods, and awarding Plaintiff all costs associated with the installation of such conforming goods. Plaintiff further requests any and all general and equitable relief this Honorable Court deems appropriate.

Respectfully submitted, this the 16th day of December, 2025.

DOME TECHNOLOGY, LLC

BY: *s/ R. Mark Alexander, Jr.*

R. Mark Alexander, Jr. (ALE032)
BALCH & BINGHAM LLP
1310 Twenty-Fifth Avenue
Gulfport, MS  39501-7748
Telephone: (228) 864-9900
Facsimile:  (228) 864-8221
malexander@balch.com

25428816.2