IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOME TECHNOLOGY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:25-00528-KD-N |
| | ) |
| S&J INDUSTRIAL, LLC, | ) |
| | ) |
| Defendant. | ) |

# ORDER

This civil action is before the Court *sua sponte* on review of its subject-matter jurisdiction, and on review of the disclosure statement (Doc# 2) filed by the Plaintiff, Dome Technology, LLC.[1]  Upon due consideration, the Plaintiff will be ordered to file an amended complaint to correct defects in its jurisdictional allegations, and also to amend its disclosure statement to conform with the Federal Rules of Civil Procedure and the Court's local rules.

---

[1]  "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* See also, e.g., *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

Generally, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

I. Subject-Matter Jurisdiction

"A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction…" Fed. R. Civ. P. 8(a)(1). The complaint (Doc# 1) alleges diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for subject matter jurisdiction.

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). *See also, e.g.*, *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (per curiam) ("When jurisdiction depends on citizenship, citizenship

should be distinctly and affirmatively alleged." (quotation omitted)); *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction…" (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[2]

Both the Plaintiff and the Defendant are alleged to be limited liability companies (LLCs). For purposes of diversity jurisdiction, it is well established that an unincorporated artificial entity such as an LLC "possesses the citizenship of all its members." *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383, 136 S. Ct. 1012, 194 L. Ed. 2d 71 (2016); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen"). Therefore, to properly allege an LLC's citizenship, the party invoking jurisdiction must "list the citizenships of all the members of the limited liability company…" *Rolling Greens*, 374 F.3d at 1022. *Accord Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam). *See also* S.D. Ala. CivLR 8 ("A pleading or notice of removal asserting jurisdiction based on diversity of citizenship must identify the citizenship of each party to the litigation…If any party is an

---

[2] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

unincorporated association, limited liability company, or partnership, the pleading or notice must identify the citizenship of all members.").

Appearing to recognize this rule, the Plaintiff alleges that its members "are citizens of the State of Idaho[,]" and the Defendant's members "are citizens of the State of Alabama." (Doc# 1 ¶¶ 1-2, PageID.1). However, the Plaintiff has not identified any of the members of either entity. This is insufficient to assure the Court of diversity of citizenship. The Court cannot simply accept the Plaintiff's bare assurances that all members of each LLC are citizens of a particular state. Rather, the Plaintiff must also affirmatively identify all members of each LLC, so that the Court can assure itself that the Plaintiff has properly assessed the citizenship of each member entity. For instance, if an LLC member is itself an LLC or some other unincorporated entity, then that member's members and their citizenships must also be alleged. Thus, assessing an LLC's citizenship "can require tracing through several layers." *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) (citizenship of an LLC depends on citizenship of its members, traced through as many levels as necessary to reach corporations or natural persons)).[3] Moreover, as will be

---

[3] *See also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of. And it is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC."); *Azzo v. Jetro Rest. Depot, LLC*, No. 3:11-CV-324-J-34JRK, 2011 WL 1357557, at *2 n.2 (M.D. Fla. Apr. 11, 2011) (in pleading the citizenships of the members, "each member's

4

explained, Federal Rule of Civil Procedure 7.1(a)(2) requires LLC parties to "name—and identify the citizenship of—"their members in diversity cases, and the Court's local rules require LLC parties to disclose the identities of their members regardless of the basis for subject-matter jurisdiction. Accordingly, the Plaintiff must affirmatively identify each of its members and those of the Defendant, and properly allege each member's citizenship.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). Upon due consideration, the Plaintiff is **ORDERED** to file, no later than **JANUARY 2, 2026**, an amended complaint that corrects the above-noted deficiencies in its allegations supporting diversity jurisdiction under § 1332(a), or that alleges some other basis for subject-matter jurisdiction. In filing the amended complaint, the Plaintiff must abide by the following directives:

- The amended complaint, which will become the operative complaint in this action,[4] "must reproduce the entire pleading as amended and may not

---

citizenship must [also ]be properly alleged, be it an individual, corporation, LLC, or other entity").

[4] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g., Fritz v. Standard*

5

incorporate any prior pleading by reference[,]" *see* S.D. Ala. CivLR 15(a); and

- the Plaintiff must file the amended complaint as a freestanding pleading and <u>not</u> as an exhibit attached to a notice, motion, etc.

Any filing made in contravention of these directives will be deemed nonresponsive to this order and will be summarily ordered stricken. The failure to file an amended complaint as ordered, or to adequately allege a basis for subject matter jurisdiction in the amended complaint, may result in dismissal of this action *sua sponte* for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## II. Disclosure Statement

Contemporaneously with its complaint, the Plaintiff filed a disclosure statement on the Court's current form (Doc# 2). However, the disclosure statement fails to make full disclosures under the applicable rules. While the Plaintiff has provided a response to section 1 of the form—which asks for the information required by Federal Rule of Civil Procedure 7.1(a)(1)—by its terms that section (and Rule 7.1(a)(1)) is inapplicable to the Plaintiff, as it only applies to "corporate" parties or intervenors. The Plaintiff's response to section 2 of the form, which asks for the information required by Rule 7.1(a)(2), is deficient for the same reasons its complaint is—it fails to "name" its members and list their individual citizenships. In

---

*Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

response to section 3, which asks for the information required by S.D. Ala. Civil Local Rule 7.1 "[t]o the extent not otherwise disclosed" in the prior two sections, the Plaintiff has answered "n/a." To the extent the Plaintiff is claiming Civil Local Rule 7.1 is "not applicable" to it, the Plaintiff is wrong—"[a]ll non-governmental artificial entities appearing as parties[,]" like the Plaintiff, are required to make disclosures under that local rule. *See also* Fed. R. Civ. P. 7.1 advisory committees note to 2002 adoption ("Rule 7.1 does not prohibit local rules that require disclosures in addition to those required by Rule 7.1."). And Civil Local Rule 7.1 requires an entity "identify [its] general nature and…identify all parents, subsidiaries, partners, *members*, managers, trustees, affiliates, and similarly related persons and entities." S.D. Ala. CivLR 7.1(b) (emphasis added). Thus, the Plaintiff must identify its members in its disclosure statement, along with any other entities required by Civil Local Rule 7.1. Accordingly, the Plaintiff is **ORDERED** to file an amended disclosure statement addressing the above-described deficiencies, using the same court form, no later than **JANUARY 2, 2026** (form available at: https://www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf ).

**DONE** and **ORDERED** this the **18th** day of **December 2025**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

7