**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **DOME TECHNOLOGY, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Civil Action No. 25-00528-KD-N** |
| | ) |
| **S&J INDUSTRIAL LLC and** | ) |
| **S&J CONSTRUCTION LLC** | ) |
| **f/k/a SN&JH LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>ORDER</u>

This action is before the Court on the Motion for Leave to File Third Amended Complaint filed by Plaintiff Dome Technology, LLC (doc. 21). Upon consideration, and for the reasons set forth herein, the Motion is GRANTED.  Plaintiff shall file its Third Amended Complaint on or before **July 9, 2026.** [1]

I. <u>Background</u>

Dome Technology, LLC filed a Complaint against Defendant S&J Industrial, LLC claiming that S&J breached their contract by filing to provide conforming grates for Dome's construction project (doc. 1).  Dome also claimed that S&J breached implied warranties "by supplying grates that were defective and non-conforming" and not fit for their intended purpose. Dome amended its Complaint to correct certain deficiencies identified by the Court (doc. 5, Amended Complaint). Later, Dome filed a Second Amended Complaint which added S&J Construction, LLC as a Defendant and added a claim for Specific Performance (doc. 11). Defendants S&J were served March 5, 2026.  Their answer was due March 26, 2026.  To date,

---

[1] Pursuant to S.D. Ala. Civil Local Rule 15(c) ("If the Court grants the motion to amend, the party must promptly file the amended pleading.").

Defendants S&J have not appeared, answered, or otherwise responded to the Second Amended

Complaint.  Dome now moves for leave to file a Third Amended Complaint to add a claim for

negligence against Defendants S&J (doc. 21).

II. Analysis

At this stage in the litigation, and absent Defendants written consent, Rule 15(a)(2)

instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed. R.

Civ. P. 15(a)(2). See Oltmanns v. Int'l Longshoremen's Assn., 837 Fed. Appx. 689, 694 (11th

Cir. 2020) (Under the Federal Rules of Civil Procedure, a district court 'should freely give leave

[to amend] when justice so requires.'") (quoting Fed. R. Civ. P. 15(a)(2)). Therefore, "unless a

substantial reason exists to deny leave to amend, the discretion of the district court is not broad

enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F.3d 1262, 1286 (11th

Cir. 2015) (citation omitted). The Court "may consider several factors when deciding whether to

grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the

movant], repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of

amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing

Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Services, Inc., 556 F.3d 1232,

1241 (11th Cir. 2009) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962));

Donley v. City of Morrow, Georgia, 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

Dome argues that Defendants S&J have not yet answered or otherwise appeared

(although their counsel has been in communication with Dome regarding the possibility of

insurance coverage), thus the litigation is in an early stage and allowing the amendment will not

prejudice Defendants S&J or cause undue delay. Dome argues that seeking leave to amend is not for the purpose of bad faith or dilatory motive.

The Court finds that the relevant factors weigh in favor of granting leave to amend to add a claim for negligence. Review of the docket does not indicate that Dome engaged in undue delay or bad faith or exhibited a dilatory motive. While Dome has filed two prior Amended Complaints, it did so once to cure deficiencies, once to add a party and a claim. Thus, Dome has not repeatedly failed to cure deficiencies. Defendants S&J will not be unduly prejudiced because Dome does not add any new facts or defendants, but instead adds a single claim.

III. Conclusion

Upon consideration, and for the reasons set forth herein, Dome's Motion is **GRANTED.** Accordingly, the Third Amended Complaint shall be filed on or before July 9, 2026.

**DONE** and **ORDERED** this 24th day of June 2026.

> **s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**